ROBERTSON, P.J., and NEAL, J., concur.

Maurice ROBERTS, Defendant-Appellant,

v.

Bill VOORHEES, Plaintiff-Appellee.

No. 3-1282A337.

Court of Appeals of Indiana,
Third District.

Sept. 7, 1983.

---

Kenneth R. Watson, Williamsport, for defendant-appellant.

Mark A. Greenwell, Newport, for plaintiff-appellee.

HOFFMAN, Presiding Judge.

Appellant Maurice Roberts was the owner of certain wooded property. Roberts contracted with Bill Voorhees for the sale of some 37 trees standing on that property. Voorhees paid Roberts $3,700 for the trees. The trees were then sold by Voorhees to Joe Johnson for $11,000. When Johnson at-tempted to enter Roberts' land to remove the trees, he was stopped by Roberts.

Voorhees brought suit to enforce his rights pursuant to the contract of sale with Roberts. The trial court entered special findings and held for Voorhees. Roberts appeals from that judgment.

On appeal several issues are raised:

(1) whether the trial court erred in finding the contract entered into by Roberts and Voorhees substantially met the requirements of the Timber Buyers Registration Act and was therefore valid;

(2) whether the trial court erred in failing to find fraud based on Voorhees' use of a timber buyer's document to consummate the contract when another timber buyer was the actual purchaser; and

(3) whether the trial court erred in making findings nos. 5, 7, and 8 wherein the court found the defects in the contract between the parties were minor and did not render the contract invalid.

The first argument presented by appellant involves several theories of recovery. It is appellant's contention that Voorhees failed to comply with the Timber Buyers Registration Act (T.B.R.A.) thus rendering their contract invalid. As the courts of this state have not addressed this issue yet, an analysis of the applicable provisions of the T.B.R.A. is necessary.

The T.B.R.A., Ind.Code § 25–36.5–1–1 et seq. (Burns 1982 Repl.), was enacted to protect owners of land containing standing timber referred to as timber growers. The provisions of the act operate to protect the timber grower in two ways. Primarily, the act insures that a timber grower will be paid for any timber sold to a registered timber buyer. A secondary goal of the act is to protect the timber grower from damage to his land resulting from improper logging methods.

The goals of the act are met by requiring all persons along the chain of commerce involved in the removal of timber be regis-

tered. This includes, timber buyers, their agents and sub agents. These parties are required to file a registration and bond with the Department of Natural Resources.

One of the theories pursued by appellant rests on the contention that Voorhees is not a registered tree buyer. This being the case Voorhees violated the act when he purchased title of ownership to the trees. Therefore, appellant contends, the contract for the sale of the trees is invalid.

■ Conceding that Voorhees is not a registered tree buyer, protection is still afforded Roberts by the act. The T.B.R.A. provides that agents who act on behalf of timber buyers must also be registered. The timber buyer is liable for the acts of his agents when the agents are performing acts contemplated by the T.B.R.A. The applicable section of the statute states:

"(a) *No person may act as an agent of the licensee in purchasing timber from timber growers unless the agent is registered with the department and has been issued an agent card by the department.*

"(b) Agent's cards shall be issued to the agent through the licensee at the written request of the licensee. The licensee must submit the agent's full name, address and other information as required by the department on forms supplied by the department for the agents he wishes registered under his license. *The licensee is fully responsible for all of his agent's activities as they pertain to this chapter.*" 25–36.5–1–15 (Burns 1982 Repl.).

Thus, it is clear from the act that Roberts was still protected. Voorhees was acting as a sub agent of Craig Enterprises Ltd., which was the registered agent of Furnier-Holz A.G., a licensee under the act. As Voorhees was negotiating the purchase and sale of standing timber, his conduct is contemplated by the act, and Furnier-Holz A.G. would have been liable to Roberts for any damages which might have resulted. This is true even where Voorhees purchased title of ownership though he was not a registered buyer under the act.

A further reason exists for concluding the purpose of the act has been met. On April 2, 1980 Voorhees negotiated with Roberts to purchase 37 trees. At this time the purchase was being negotiated for ultimate purchase of the logs by Furnier-Holz A.G. After completing the purchase Voorhees informed his employer. Voorhees' employer told him to find another buyer as Furnier-Holz A.G. did not need the logs.

Subsequently Voorhees contacted Joe Johnson and negotiated to sell him the trees. Before Johnson would accept the trees, he demanded that Voorhees obtain title to them. Voorhees returned to Roberts and negotiated a transfer of title to the 37 trees. On April 5, 1980 the resale to Johnson was completed.

■ The evidence recited above makes clear the fact that Voorhees was acting as a registered agent throughout the negotiations with Roberts. Further, the act of obtaining title to the trees, arguably a violation of the T.B.R.A., was performed as a necessary incident of Voorhees' performance of his employer's orders to find another purchaser for the trees. Thus, Voorhees was not acting as a timber buyer but merely performing as an agent and therefore did not violate the provisions of the T.B.R.A.

■ Appellant next contends that a fraud was worked upon him by Voorhees' use of Furnier-Holz A.G. stationery to document the sale of trees while the actual timber buyer was some other party. In effect appellant is contending that Voorhees fraudulently misrepresented the timber buyer for whom he was acting as an agent. However, appellant has failed to show any resultant harm, and in fact the discussion above establishes that he was provided the full protection of the T.B.R.A. Further, a careful search of the T.B.R.A. uncovers no requirement that an agent disclose his principal. Likewise, the act is bereft of any provision outlining what stationery must be used to embody the parties' agreement. What is important is that any agent or tree buyer negotiating for the purchase of trees be registered, as they were in this case.

In the case at bar the original contract for the sale of Roberts' 37 trees was embodied on stationery imprinted with the letterhead of Furnier-Holz A.G. However, at the time the title of ownership was transferred, Voorhees requested that he be listed as the purchaser. Thus, the title of ownership leaves no question as to the purchaser and Roberts cannot contend he was misled.

This argument is further refined by appellant in his third issue. Appellant contends the trial court erred in entering findings nos. 5, 7, and 8 wherein the court stated:

"5. But at the time of the execution of the bill of sale by the defendant herein he received as consideration therefor the sum of $3,700.00, accepted said sum, that said contract was not entered into by way of fraud, that the evidence herein establishes that the defendant herein is one and the same person as Walter Maurice Roberts and that the defendant herein is the owner of the real estate on which the trees located being a part of the W one-half NW one-quarter 9–23–8 and a part of the NW one-quarter NE one-quarter 8–23–8.

\* \* \* \* \* \*

"7. The minor defects, if they be defects, in the forms used by the plaintiff and the actions taken by the plaintiff and intervener plaintiff herein do not constitute a violation of law and were proper and did not cause any fraudulent misrepresentation to the defendant herein.

"8. The court finds that the agreement between the plaintiff and defendant was a legal and binding contract."

The findings entered by the trial court had been requested by appellant. Findings made by the trial court are construed together liberally in support of the judgment and will be deemed sufficient if supported by evidence of probative value. *Morphew v. Morphew*, (1981) Ind.App., 419 N.E.2d 770. The judgment of the trial court will be upheld if sustainable on any theory, and the findings of fact will not be disturbed unless found to be erroneous. *Bird v. Del. Muncie Metropolitan Plan. Com'n*, (1981) Ind.App., 416 N.E.2d 482. A finding is clearly erroneous when there are no facts or inferences to be drawn therefrom which support the finding. *Indiana Industries, Inc. v. Wedge Products*, (1982) Ind.App., 430 N.E.2d 419.

In the case at bar the court found the defects in the agreement between the parties were not so substantial as to amount to fraud. These findings were supported by the evidence. Indeed it appears from the record that appellant had notice that Voorhees was negotiating the transfer of title to the trees as purchaser. As discussed throughout this decision, the provisions of the T.B.R.A. are broad enough that all protections contemplated in the act were available to appellant.[1] Since the T.B.R.A. was not violated and appellant benefited from its protection, there is no reason to hold the parties' contract invalid.

For the reasons stated above the decision of the trial court is affirmed.

Affirmed.

GARRARD and STATON, JJ., concur.

---

1. The Court notes that this decision addresses only the narrow factual situation of a registered agent who undertakes acts normally performed by a registered tree buyer and does not in any way address the problem that would arise when an agent acts beyond the scope of his authority or is unregistered.